IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITECH BUILDERS CORP.,

Plaintiff,

v.                      Case No.:

PRIVE CONDOMINIUM ASSOCIATION, INC.;
LUGO PAINTING & RESTORATION, LLC;
MT. HAWLEY INSURANCE COMPANY;
and WESTERN WORLD INSURANCE COMPANY,

Defendants.
_____/

**DEFENDANT, MT. HAWLEY INSURANCE COMPANY'S,
NOTICE OF AND PETITION FOR REMOVAL OF ACTION**

Defendant, MT. HAWLEY INSURANCE COMPANY ("MT. HAWLEY"), by and through its undersigned counsel, and pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code, and Rule 81(c) of the Federal Rules of Civil Procedure, hereby serves its Notice of and Petition for Removal of the above-styled action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, to the United States District Court for the Southern District of Florida, Miami Division, and in support thereof would state as follows:

1. On August 5, 2025, Plaintiff, UNITECH BUILDERS CORP. ("UNITECH") filed an action for declaratory relief against MT. HAWLEY,

1

WESTERN WORLD INSURANCE COMPANY ("WESTERN"), LUGO PAINTING & RESTORATION, LLC ("LUGO") and PRIVE CONDOMINIUM ASSOCIATION, INC. ("PRIVE") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, case number 2025-CA-014944 (the "Lawsuit").

2. The Lawsuit requests that the Court issue a judgment declaring that a policy issued by MT. HAWLEY to UNITECH and a policy issued by WESTERN to LUGO provide liability coverage for an underlying construction defect lawsuit and related claims against UNITECH by PRIVE pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, case no. 2025-001256-CA01 (09), styled Prive Condominium Association, Inc. v. Unitech Builders Corp. (the "Underlying Lawsuit").

3. MT. HAWLEY issued a Commercial General Liability Policy to UNITECH, policy number MGL0198914, that was in effect from February 26, 2024 through February 26, 2025 (the "Mt. Hawley Policy").

4. WESTERN allegedly issued a policy to LUGO, policy number 0100318188-o, that was in effect from August 21, 2024 through August 21, 2025 (the "Western Policy").

5. In the Lawsuit, UNITECH seeks a declaration that MT. HAWLEY and WESTERN are obligated to defend and indemnify UNITECH under their respective

policies for the Underlying Lawsuit and related claims against UNITECH.

6. Specifically, UNITECH asserts that it is entitled to a defense and indemnity of the claims against it by PRIVE as a named insured under the Mt. Hawley Policy and as an additional insured under the Western Policy issued to LUGO.

7. UNITECH alleges that it entered into a written contract with WESTERN'S named insured, LUGO, which required LUGO to name UNITECH as an additional insured on its commercial general liability policy.

8. UNITECH requests a declaration that it is entitled to a defense and indemnity under the Mt. Hawley and Western Policies as well as an award of its attorney's fees, costs, and interest.

9. In the Underlying Lawsuit, PRIVE has asserted claims against UNITECH for breach of contract, violations of the Florida Building Code, vicarious liability, fraudulent lien, and unjust enrichment related to UNITECH'S repair of jacuzzies and pool deck interstitial space owned and managed by PRIVE.

10. In the Underlying Lawsuit, PRIVE explains that UNITECH hired various subcontractors to perform portions of its repair work for PRIVE, including LUGO.

11. UNITECH has named PRIVE and LUGO as defendants in its Complaint in the Lawsuit but is not seeking any relief from or damages against them.

12. On August 28, 2025, UNITECH served MT. HAWLEY with the Complaint in the Lawsuit.

13. Specifically, pursuant to Florida Statute § 48.151, MT. HAWLEY'S statutory agent for service of process, the Chief Financial Officer of Florida, forwarded by electronic delivery a copy of the Service of Process to MT. HAWLEY on August 28, 2025. Attached as Exhibit "A" is the Notice of Service of Process on MT. HAWLEY.

14. Defendant, MT. HAWLEY, gives notice of the exercise of its rights under the provisions of 28 U.S.C. §1441 to remove this action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

15. MT. HAWLEY is not in default and this Notice of Removal has been filed within thirty (30) days of the service of the Complaint in the Lawsuit on MT. HAWLEY.

16. The Complaint filed against MT. HAWLEY could have been filed originally in this Court under 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties (subject to a determination that PRIVE and LUGO are nominal parties or their realignment in accordance with the main purpose of this Lawsuit as described herein), and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

17. Venue properly rests with the Miami Division of the United States District Court for the Southern District of Florida, as this action is being removed from the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. 28 U.S.C. §§ 1441(a), 1446(a).

## DIVERSITY OF CITIZENSHIP

18. Plaintiff, UNITECH is incorporated in Florida with its principal place of business in Miami, Florida.

19. Defendant, the PRIVE, is a non-profit Florida corporation organized and existing pursuant to Chapter 718, Fla. Stat., and serves as the condominium owners' association for the community commonly known as Prive Condominium located in Miami-Dade County, Florida. PRIVE was formed to maintain and operate the Prive Condominium community.

20. Defendant, LUGO, is a Florida Limited Liability Company with its principal place of business in Coral Gables, Florida.

21. LUGO's only member is Roland Lugo, who is a citizen of the Sate of Florida and domiciled in and a resident of Miami-Dade County, Florida.

22. Defendant, MT. HAWLEY, is an Illinois company incorporated in Illinois and organized and existing under the laws of Illinois with its principal place of business in Illinois.

23. Defendant, WESTERN, is a New Jersey company incorporated in New

Jersey and organized and existing under the laws of New Jersey with its principal place of business in New Jersey.

24.     LUGO and PRIVE are nominal defendants, who citizenship should be disregarded for purposes of evaluating diversity jurisdiction because the Lawsuit brings no counts against them, but rather seeks a declaration of coverage under the Mt. Hawley and Western Policies.  See Strauss, P.A. v. Gemini Ins. Co., 742 F. Supp. 3d 1184, 1193 (S.D. Fla. 2024) (finding that named insured subcontractor was nominal party whose citizenship could be disregarded in lawsuit brought by general contractor against the subcontractor and the subcontractor's insurer seeking declaratory relief that the general contractor was an additional insured entitled to coverage under the subcontractor's policy).

25.     Alternatively, LUGO and PRIVE should be realigned as Plaintiffs with UNITECH, because each has an interest in obtaining insurance coverage under the Mt. Hawley and Western Policies for the Underlying Lawsuit.

26.     Plaintiff, UNITECH, has brought the instant Lawsuit seeking defense and indemnity for the Underlying Lawsuit from MT. HAWLEY and WESTERN under their respective policies.

27.     The sole purpose of UNITECH'S Lawsuit is to obtain a determination as to insurance coverage under the Mt. Hawley and Western Policies for the Underlying Lawsuit.  It is in the interests of UNITECH, LUGO, and PRIVE for

coverage to apply under the Mt. Hawley and Western Policies, and the question of whether these policies afford UNITECH a defense and indemnity for the Underlying Lawsuit are the only issues before the Court as set forth in UNITECH'S complaint in this Lawsuit.

28. MT. HAWLEY maintains that it has no duty to defend or indemnify the complaint that was tendered to it in the Underlying Lawsuit under the Mt. Hawley Policy. By its inclusion in this action, presumably WESTERN has taken a similar position with respect to the Western Policy. These positions are in direct conflict with the interests of UNITECH, PRIVE, and LUGO.

29. Under the realignment doctrine, "federal courts are required to realign the parties in an action to reflect their interests in the litigation. The parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of the plaintiffs and defendants." City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) (citing City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941))

30. Conversely, "parties cannot *avoid* diversity by their designation of the parties. Id.

31. Thus, where the parties' interests are the same, those parties must be aligned together. Id.

32. The 11th Circuit has adopted the "primary purpose" test for the

realignment of parties for jurisdictional purposes. Id. at 1313-14.

33. In determining whether the parties' interests align:

> [T]he court must "look beyond the pleadings and arrange the parties according to their sides in the dispute," Northbrook Nat'l Ins. Co. v. Brewer, 493 U.S. 6, 16 n.5, 110 S. Ct. 297, 302 n.5, 107 L. Ed. 2d 223 (1989) (citations and quotations omitted), as determined by "the principal purpose of the suit" and "the primary and controlling matter in dispute," City of Indianapolis, 314 U.S. at 69. Where the parties' interests are the same, we have held that those parties must be aligned together and have reversed a district court's failure to do so, even where the parties' interests were in opposition outside of the issues raised in the subject action. Weller v. Navigator Marine, Inc., 737 F.2d 1547, 1548 (11th Cir. 1984).

Id. at 1313-14 (citing City of Indianapolis, 314 U.S. at 69).

34. In actions to determine the availability of insurance coverage for an underlying lawsuit against the insured, the insured and the underlying plaintiffs should be aligned together. Id. at 1314 ("the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party.")

35. This is true even in situations where the insured is seeking a declaration of both the duty to defend and the duty to indemnify. Id.; see also Murphy v. Charter Oak Fire Ins. Co., 166 F. Supp. 3d 1311, 1314 (S.D. Fla. 2015) (finding that the insureds' and the underlying plaintiff's interests regarding whether the insurer had a duty to defend and indemnify the insureds in the underlying action were aligned even though their "interests [are] in opposition outside of the issues raised in the

subject action."); Rojas v. Allied Prof'ls Ins. Co., No. 15-cv-60713-KMM, 2015 U.S. Dist. LEXIS 181097, at *6 (S.D. Fla. July 24, 2015)(citing cases and finding "that the majority of cases within the Eleventh Circuit have concluded that insureds and injured parties must be aligned on the same side of the "v" against insurance carriers, regardless of whether there has been a judgment or settlement in the underlying case."); Wheeler's Moving & Storage, Inc. v. Markel Ins. Co., No.11-80272-CIV, 2011 U.S. Dist. LEXIS 85851, 2011 WL 3419633, at * 2 (S.D. Fla. Aug. 4, 2011) (denying motion to remand when the judgment debtor to the underlying tort action sued its insurers and the judgment creditor to the underlying tort action to seek a determination of the insurer's duty to defend and duty to indemnify in the underlying tort action); Joe Ervin's Fitness Clubs v. United Nat'l Ins. Co., No. 06-61078-CIV-MORE, 2006 U.S. Dist. LEXIS 109588, at *4 (S.D. Fla. Nov. 8, 2006)(finding that underlying plaintiff's and the insured's interests were aligned in action for declaratory relief regarding the insurer's duty to defend and indemnify).

36. UNITECH (the insured), LUGO (the subcontractor), and PRIVE (the underlying plaintiff), each have an in interest in this case in having the Court determine that the policies provide coverage for, including a duty to defend and indemnify, the Underlying Lawsuit.

37. Under the primary purpose test, the Court should focus on the main issue of insurance coverage, which is the primary and sole purpose of this Lawsuit

and align the parties in accordance with their interests as they relate to this issue.

38.  As such, UNITECH, LUGO, and PRIVE should be named as plaintiffs, while MT. HAWLEY and WESTERN remain the defendants.  This is the only arrangement that represents the true interests among the parties as they relate to coverage, which is the primary purpose of this suit.

39.  A determination that LUGO and PRIVE are nominal parties or a realignment of the parties in accordance with their interests as to the primary purpose of this Lawsuit results in the satisfaction of the requirements for diversity of citizenship under 28 U.S.C. §1332.

40.  There is complete diversity of citizenship between Plaintiffs, UNITECH, LUGO, and PRIVE, which are all citizens of Florida, and Defendants, MT. HAWLEY, an Illinois corporation with its principal place of business in Illinois, and WESTERN, a New Jersey corporation with its principal place of business in New Jersey.

## **AMOUNT IN CONTROVERSY**

41.  Subject to its terms, provisions and exclusions, the Mt. Hawley Policy provides liability coverage with limits of $1,000,000 each occurrence / $2,000,000 aggregate.

42.  MT. HAWLEY is unaware of the liability limits provided by the Western Policy at this time.

43. UNITECH seeks attorney's fees in this Lawsuit.

44. In the Underlying Lawsuit, PRIVE alleges that the value of its claims against UNITECH exceeds $50,000, and seeks compensatory damages, liquidated damages, statutory and contractual attorney's fees, expert fees, interest and costs.

45. According to the contract attached to the Underlying Lawsuit, the value of the contract that PRIVE alleges UNITECH breached is $503,053.78.

46. Additionally, the Underlying Lawsuit alleges that UNITECH improperly sought payment from PRIVE of $77,806.97, seeks to discharge two liens valued at $157,000 and $165,525.95, and PRIVE also seeks approximately $120,000 in the liquidated damages it says accrued between March 2024 and October 2024.

47. In a declaratory relief action regarding an insurer's duty to defend and indemnify its insured in an underlying lawsuit, the court should examine the following factors to determine the amount in controversy: "(1) the coverage limits under the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying lawsuit. Clarendon Am. Ins. Co. v. Miami River Club, Inc., 417 F. Supp. 2d 1309, 1316 (S.D. Fla. 2006) citing Owners Ins. Co. v. James, 295 F.Supp.2d 1354, 1359 (N.D.Ga.2003); see also Macy's Florida Stores, LLC v. Illinois Nat. Ins. Co., No. 08-21619-CIV-UNGARO, 2008 U.S. Dist. LEXIS 64908, at *2 (S.D. Fla. July 11, 2008); Dairyland Ins. Co. v. Chadwick, 8:07-cv-2091-T-30MSS, 2008 U.S. Dist.

11

LEXIS 30364, *3 (M.D. Fla. Apr. 1, 2008).

48.     Additionally, in ascertaining the amount of damages for the amount in controversy, courts may consider the value of statutory or contractual attorney's fees sought by a claimant in the underlying suit or the insured in the coverage action. Soares v. Scottsdale Ins. Co., No. 19-cv-22421, 2019 U.S. Dist. LEXIS 134957, at *8 (S.D. Fla. Aug. 8, 2019)(citing Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000); E.S.Y., Inc. v. Scottsdale Ins. Co., 217 F. Supp. 3d 1356, 1361 (S.D. Fla. 2015) (citing Fed. Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 n.4 (11th Cir. 2003)); see also Prof'ls Direct Ins. Co. v. Larsen & Assocs., PI, 6:13-cv-676-Orl-36KRS, 2013 U.S. Dist. LEXIS 195493, at *6 (M.D. Fla. Sept. 30, 2013)

49.     Considering: a) the potentially available coverage under the Mt. Hawley Policy sans the Western Policy; b) the amount of damages and the attorney's fees claimed by PRIVE in the Underlying Lawsuit; c) the amount of attorney's fees to defend UNITECH in the Underlying Lawsuit; and d) UNITECH's attorney's fees sought in this Lawsuit, the amount in controversy for the issues and matters placed before the court by UNITECH in this action exceeds the sum of $75,000.00, exclusive of interest and costs.

50.     Thus, although MT. HAWLEY denies the merits of the assertions and claims made by UNITECH, those claims satisfy the jurisdictional amount-in-

controversy requirement in this diversity action.

51. This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Further, this action is removable to this Court under the terms of 28 U.S.C. § 1441(a).

52. Upon filing this Notice of Removal, MT. HAWLEY will promptly give written notice of the filing of this Notice of Removal to all parties and will file a copy of the Notice with the Clerk of the State Court as required under 28 U.S.C. § 1446(d).

53. Copies of all process, pleadings and orders and other papers or exhibits of every kind on file with the State Court are being filed contemporaneously with this Notice of Removal as exhibits to MT. HAWLEY'S Notice of Filing.

54. Additionally, WESTERN consents to this removal and will timely file its consent to removal pursuant to 28 U.S.C. § 1446(b)(2).

55. It is not necessary for the realigned defendants to consent to removal. Guardian Am. Props., LLC v. Mid-Continent Cas. Co., No. 18-60336-CIV-DIMITROULEAS, 2018 U.S. Dist. LEXIS 227182, at *4 (S.D. Fla. Mar. 15, 2018)("It is well settled in this Circuit that there is no requirement for a nominal 'defendant' correctly realigned as a party plaintiff to consent to removal.") (citing Robinson v. Hudson Specialty Ins. Grp., No. CIV.A. 13-114-KD-M, 2013 U.S. Dist.

LEXIS 78896, 2013 WL 2452701, at *5 (S.D. Ala. June 5, 2013)).

56. Accordingly, all of the prerequisites for removal under 28 U.S.C. § 1441 have been met. However, if any question arises as to the propriety of the removal of this action, MT. HAWLEY requests the opportunity to present further evidence and legal authority in support of its position.

WHEREFORE, Defendant, MT. HAWLEY, prays that this action be removed.

Dated: September 26, 2025

/s/ Robin P. Keener, Esq.
Robin P. Keener, Esq.
Florida Bar No.: 0597945
rkeener@stolerrussell.com
Erik R. Lundberg, Esquire
Florida Bar No.: 1018318
elundberg@stolerrussell.com
Stoler Russell Keener Verona P.A.
201 North Franklin Street, Suite 3100
Tampa, FL 33602
(813) 609-3200
Attorneys for Mt. Hawley Insurance Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the undersigned e-filed the foregoing with the Clerk of Court through CM/ECF system which will send a notice of electronic filing to the following counsel:

Alexander Brockmeyer, Esq.
Florida Bar No. 105758
EServicePinsurance-counsel.com
ABrockmeyerPinsurance-counsel.com
ADeBouver@insurance-counsel.com
9111 W. College Pointe Drive
Fort Myers, Florida 33919
Telephone: (239) 337-1303
Attorney for Unitech Builders Corp.

Marcus G. Mahfood, Esquire
Florida Bar No.: 41495
mmahfood@chartwelllaw.com
Chartwell Law
100 SE 2nd Street, Suite 2150,
Miami, FL 33131
(786) 325-5606
Attorney for Western World Insurance Company

                                                                           */s/ Robin P. Keener*
                                                                           Robin P. Keener, Esq.